MANATT, PHELPS & PHILLIPS, LLP
JOHN M. LEBLANC (Bar No. CA 155842)
E-mail: jleblanc@manatt.com
JOHN T. FOGARTY (Bar No. CA 198119)
E-mail: jfogarty@manatt.com
JESSICA J. SLUSSER (Bar No. CA 217307)
E-mail: jslusser@manatt.com
11355 West Olympic Boulevard
Los Angeles, CA 90064-1614
Telephone: (310) 312-4000
Facsimile: (310) 312-4224

*Attorneys for Defendant Blue Cross and Blue Shield of Nebraska erroneously sued as Blue Cross – Blue Shield of Nebraska, Inc.*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| REBEKAH WOOD,<br><br>        Plaintiff,<br><br>    vs.<br><br>BLUE CROSS – BLUE SHIELD OF NEBRASKA, INC.; UNITED HEALTHCARE, INC.; UNITED HEALTHCARE INSURANCE COMPANY, UNITEDHEALTH GROUP, INC., AND DOES 1-100<br><br>        Defendants. | Case No. _____<br><br>**NOTICE OF REMOVAL**<br><br>Filed concurrently with:<br><br>(1) Notice to Adverse Parties;<br>(2) Certification as to Interested Parties;<br>(3) Corporate Disclosure;<br>(4) Civil Cover Sheet.<br><br>Action filed: July 9, 2015 |

## NOTICE OF REMOVAL

Defendant Blue Cross and Blue Shield of Nebraska *erroneously sued as* Blue Cross – Blue Shield of Nebraska, Inc. ("BCBS-NE") respectfully removes this action to the United States District Court for the Central District of California, and states as follows:

1. Plaintiff Rebekah Wood ("Plaintiff") filed a complaint against Defendants in the Central District of the Superior Court for the County of Los Angeles, California Case No. BC587654 (the "Complaint" or "Compl."). BCBS-

NE was incorrectly served with the Complaint and a summons on July 14, 2015. On information and belief, Defendants United Healthcare, Inc., United Healthcare Insurance Company, and UnitedHealth Group, Inc. (collectively, the "United Defendants") were served in this case no sooner than July 13, 2015.

2. Pursuant to 28 U.S.C. § 1446(a), BCBS-NE has attached copies of all process, pleadings, or orders (including the Complaint) served on it as **Exhibit A** to this Notice of Removal.

3. BCBS-NE timely files this removal notice within the 30-day period required in 28 U.S.C § 1446(b)(1).

4. BCBS-NE removes this case pursuant to 28 U.S.C. § 1441 as an action over which this Court has federal question jurisdiction under 28 U.S.C. § 1331 because Plaintiff's claims arise under federal law. In addition, BCBS-NE removes this case under 28 U.S.C. § 1441 as an action over which this Court has diversity jurisdiction under 28 U.S.C. § 1332.

## NATURE OF THE CASE

5. Plaintiff alleges that she was covered by two separate health insurance plans, one that was administered by BCBS-NE and another that was administered by one or more of the United Defendants. *See* Compl. ¶¶ 12, 17-18.

6. Specifically, Plaintiff alleges that she was covered under a BCBS-NE-administered plan called "Woodmen of the World PPO Health Plan." *Id.* ¶ 17. She allegedly obtained this coverage through her biological father, Thomas J. Wood. *Id.* Plaintiff alleges that "[t]he ID # of the Plan was and is WDM877211650." *Id.* This plan is referred to herein as the "Woodmen of the World Plan."

7. Plaintiff alleges that she was also covered under a separate health plan sponsored by the Texas Legislative Service, the employer of Plaintiff's then-stepfather, Andrew K. Fish. *Id.* ¶ 18. The Texas Legislative Service health plan allegedly was administered by one or more of the United Defendants. *Id.* Plaintiff alleges that this plan had "Group Number 9S0837" and that her "Member ID #"

was 910728205.  *Id.*  This plan is referred to herein as the "Texas Legislative Service Plan."  Collectively, the Woodmen of the World Plan and the Texas Legislative Service Plan are referred to herein and in the Complaint as the "Policies."  *See* Compl. ¶ 19.

8. Plaintiff alleges that she underwent open heart surgery in May of 2014. *Id.* ¶ 12; *see also id.* ¶ 18.  Plaintiff asserts that the medical bills associated with that surgery "appear to be in the hundreds of thousands of dollars."  *Id.* ¶ 12.

9. Plaintiff alleges that each of the Policies provided coverage for her heart surgery.  *See, e.g., id.* ¶¶ 17, 18, 36.  Plaintiff alleges that she submitted health insurance claims related to her heart surgery under one or both of the Policies, but that most claims remain unpaid.  *Id.* ¶ 23.  Plaintiff asserts that each health plan told her that the other plan was responsible for paying benefits associated with her heart surgery.  *Id.* ¶ 24.

10. Plaintiff alleges that "[i]t was and is the responsibility of one or both sets of Defendant insurers to cover Plaintiff for her medically necessary treatment." *Id.* ¶ 25.  Plaintiff brings suit to obtain such coverage.

11. Plaintiff alleges three causes of action:  breach of the covenant of good faith and fair dealing, breach of contract, and negligent infliction of emotional distress.  *Id.* at pp. 6-9.

12. The first cause of action asserts that Defendants breached the duty of good faith and fair dealing by "denying coverage for medically necessary treatment, including, but not limited to, open heart surgery."  *Id.* ¶ 27.  Among other things, Plaintiff seeks "damages under the Policies" and for legal fees she allegedly had to pay "in an effort to obtain benefits under the Policies."  *Id.* ¶¶ 29, 31.

13. In her second cause of action – for breach of contract – Plaintiff alleges that Defendants "owed duties and obligations to Plaintiff under the Policies including without limitation the duty to provide for and pay for medically necessary treatment including, but not limited to, open heart surgery."  *Id.* ¶ 36.  Plaintiff

alleges that Defendants "breached the terms and provisions of the Policies by failing and refusing to pay benefits under the Policies." *Id.* ¶ 40. Plaintiff alleges that she is a third-party beneficiary under the Policies and thus can sue to enforce the alleged breaches thereof. *Id.* ¶¶ 38-39.

14. In her third cause of action, Plaintiff seeks damages for her alleged emotional distress as a result of her not receiving benefits for her heart surgery under the Policies. *Id.* ¶¶ 43-45.

15. As relief in this case, Plaintiff seeks, among other things, "[d]amages for failure to provide benefits under the Policies" and "attorneys' fees and litigation costs incurred by Plaintiff to obtain Policy benefits." *Id.* at pp. 9-10 (Wherefore clause, ¶¶ 1, 5).

## THE ERISA-GOVERNED HEALTH PLANS

16. The Woodmen of the World Plan under which Plaintiff was covered is an employer-sponsored health plan governed by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001 *et seq.*

17. On information and belief, the Texas Legislative Service Plan under which Plaintiff was covered also is an employer-sponsored health plan governed by ERISA.

## GROUNDS FOR REMOVAL

18. This case is removable pursuant to 28 U.S.C. § 1441 for two independent reasons. First, there is federal question jurisdiction in this Court under 28 U.S.C. § 1331 because Plaintiff's claims are completely preempted by ERISA and thus arise under federal law. Second, diversity of citizenship exists under 28 U.S.C. § 1332(a).

### Removal Based on Federal Question Jurisdiction

19. This case is removable pursuant to 28 U.S.C. § 1441 based on federal question jurisdiction existing under 28 U.S.C. § 1331, because Plaintiff's claims are completely preempted by ERISA. "[W]hen the federal statute completely pre-

empts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law. ERISA is one of these statutes." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207-08 (2004) (internal quotations and citations omitted). "Under *Davila*, a state-law cause of action is completely preempted if (1) 'an individual, at some point in time, could have brought the claim under ERISA § 502(a)(1)(B)' [or another subsection of ERISA § 502], and (2) 'where there is no other independent legal duty that is implicated by a defendant's actions.'" *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 946 (9th Cir. 2009) (quoting *Davila*, 542 U.S. at 210).

20.  As a suit brought by a beneficiary in an ERISA-governed health plan to remedy an alleged failure to pay benefits under the terms of the plan, this case is in the heartland of ERISA complete preemption and involves "precisely the kind of claims that the Supreme Court in *Davila* held to be [completely] preempted." *Cleghorn v. Blue Shield of Cal.*, 408 F.3d 1222, 1225 (9th Cir. 2005).

21.  The first element of the *Davila* test is met easily here because Plaintiff claims to be enrolled in health plans as a dependent of her biological father (in the case of the Woodmen of the World Plan) or of her then-stepfather (in the case of the Texas Legislative Service Plan). Plaintiff thus qualifies as a "beneficiary" under ERISA. *See* 29 U.S.C. § 1002(8). Because each of the Policies under which Plaintiff is a beneficiary is governed by ERISA, Plaintiff could have sued to obtain benefits under either of the Policies pursuant to ERISA § 502(a)(1)(B) (29 U.S.C. § 1132(a)(1)(B)). As the Supreme Court stated in *Davila*, "[i]f a participant or beneficiary believes that benefits promised to [her] under the terms of the plan are not provided, [s]he can bring suit seeking provision of those benefits." 542 U.S. at 210; *see also Fossen v. Blue Cross & Blue Shield of Mont., Inc.*, 660 F.3d 1102, 1110 (9th Cir. 2011) (plaintiffs are "participants in the ERISA plan, and they are suing Blue Cross . . . to enforce rights that are provided by ERISA. . . . That is

enough to bring a suit within the scope of ERISA § 502(a).").

22. The second prong of the *Davila* test is also easily met. The only alleged wrong over which Plaintiff sues is the denial of health benefits under the terms of one or both of the ERISA-governed health plans at issue. It is irrelevant that Plaintiff attempts to use various state laws to remedy that alleged wrong. *See Davila*, 542 U.S. at 214; *Marin Gen. Hosp.*, 581 F.3d at 947. The question under *Davila's* second prong "requires a practical, rather than a formalistic, analysis because '[c]laimants simply cannot obtain relief by dressing up an ERISA benefits claim in the garb of a state law tort.'" *Fossen*, 660 F.3d at 1110-11 (citations omitted; alteration in original). Here, it is clear that Plaintiff seeks to recover benefits under one or both ERISA-governed plans. Nothing more is required under *Davila's* second prong. *See, e.g., Cleghorn*, 408 F.3d at 1226 ("Artful pleading does not alter the potential for this suit to frustrate the objectives of ERISA. The only factual basis for relief pleaded in [plaintiff's] complaint is the refusal of Blue Shield to reimburse him for the emergency medical care he received. Any duty or liability that Blue Shield had to reimburse him 'would exist here only because of [Blue Shield's] administration of ERISA-regulated benefit plans.'") (first alternation added; second alteration in original) (quoting *Davila*, 542 U.S. at 213).

23. Because Plaintiff's claims seek benefits under one or more ERISA-governed health plans, the doctrine of complete preemption confers federal-question jurisdiction under 28 U.S.C. § 1331.

**Removal Based on Diversity of Citizenship**

24. Plaintiff is a citizen of California. *See* Compl. ¶ 1. BCBS-NE is currently, and was at the time of the filing of the Complaint, a citizen of Nebraska. On information and belief, Defendant United Healthcare, Inc. is currently, and was at the time of the filing of the Complaint, a citizen of Delaware; Defendant United Healthcare Insurance Company is currently, and was at the time of the filing of the Complaint, a citizen of Connecticut; and Defendant UnitedHealth Group, Inc. is

currently, and was at the time of the filing of the Complaint, a citizen of Minnesota. Thus, there is complete diversity of citizenship.

25. The amount in controversy exceeds $75,000, exclusive of interest and costs. *See id.* ¶ 12.

26. Accordingly, original jurisdiction exists in this Court pursuant to 28 U.S.C. § 1332(a)(1).

27. Pursuant to 28 U.S.C. § 1446(d), BCBS-NE will promptly provide written notice of this removal to the Superior Court for the County of Los Angeles, California.

28. In accordance with 28 U.S.C. § 1446(b)(2)(A), each of the United Defendants consents to, and joins in, the removal of this action. *See* **Exhibit B**.

Respectfully submitted,

Dated: August 12, 2015    MANATT, PHELPS & PHILLIPS, LLP
John M. LeBlanc
Jessica J. Slusser

By: /s/ Jessica J. Slusser
John M. LeBlanc
Jessica J. Slusser
*Attorneys for Defendant Blue Cross and Blue Shield of Nebraska erroneously sued as Blue Cross – Blue Shield of Nebraska, Inc.*