UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-cv-06135-SVW-JPR | Date | November 3, 2015 |
|---|---|---|---|
| Title | *Rebekah Wood v. Blue Cross-Blue Shield of Nebraska, Inc. et al* | | |

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE | |
|---|---|---|
| Paul M. Cruz | | N/A |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| N/A | | N/A |

**Proceedings:** IN CHAMBERS ORDER DENYING PLAINTIFF'S MOTION TO REMAND [18] AND GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS [29]

**Introduction**

On July 9, 2015, plaintiff Rebekah Wood ("Plaintiff" or "Wood") filed a complaint in state court against Blue Cross-Blue Shield of Nebraska ("Blue Cross") and three related companies: United Healthcare, Inc., United Healthcare Insurance Company, and UnitedHealth Group, Inc. ("United") (collectively with Blue Cross, "Defendants"). Dkt. 7-1. The complaint alleged that though Plaintiff was insured by Blue Cross and United, the Defendants failed to pay for Plaintiff's heart surgery. *Id.* ¶ 12. Based on this conduct, Plaintiff alleged three claims: (1) breach of the implied covenant of good faith and fair dealing; (2) breach of contract; and (3) negligent infliction of emotional distress. *Id.* ¶¶ 26–48. On August 12, 2015, Blue Cross removed the action to this Court based on federal question jurisdiction and diversity of citizenship jurisdiction. Dkt. 7, 4–7.

On September 8, 2015, Plaintiff filed a first amended complaint ("FAC"). Dkt. 17. In her FAC, Plaintiff adds two claims: (1) recovery of plan benefits pursuant to 29 U.S.C. § 1132(a)(1)(B) and (2) attorney's fees and costs pursuant to 29 U.S.C. § 1132(g)(1). *Id.* ¶¶ 60–72. The Plaintiff also states that though she does not have the ability to determine whether her plan is covered by the Employee Retirement Income Security Act ("ERISA"), she wishes to bring ERISA claims if her state law claims are barred. *Id.* ¶ 1.

:

Initials of Preparer

PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-cv-06135-SVW-JPR | Date | November 3, 2015 |
|---|---|---|---|
| Title | *Rebekah Wood v. Blue Cross-Blue Shield of Nebraska, Inc. et al* | | |

  Presently there are two motions before the Court. On September 11, 2015, Plaintiff filed a motion to remand the case to state court. Dkt. 18. On September 29, 2015, Blue Cross filed a motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. 29.

  For the reasons stated below, the Court denies Plaintiff's motion to remand. The Court grants in part and denies in part Blue Cross's motion to dismiss.

**Background**

  On May 5, 2014 Plaintiff had an open-heart surgery at Cedars-Sinai to treat a congenital heart defect. *See* FAC ¶¶ 10, 25. At the time of the operation, Plaintiff was covered by two separate insurance policies. *Id.* She was covered by a Blue Cross Woodmen of the World PPO Health Plan ("Woodmen Plan"),[1] through her father. *Id.* ¶ 15. She was also covered under her stepfather's United Health plan. *Id.* ¶ 16. Though United issued a determination of medical necessity, each entity subsequently claimed that the other policy was responsible for her insurance coverage for the medical expenses related the surgery. *Id.* at ¶ 10.

  The two insurance plans failed to provide complete coverage for Plaintiff's medical expenses. On around May 16, 2014, Plaintiff started to receive a series of explanations of benefits ("EOB") from United. *Id.* at ¶ 20. At first the EOBs indicated that her medical services were covered under her stepfather's plan, but later notices stated that the expenses were not covered because Plaintiff already had primary medical insurance with another company. *Id.* Similarly, Blue Cross notified Plaintiff over the phone that she should seek coverage through United. *Id.*

  Each plan paid some charges, but the major expenses were not covered by either plan. *Id.* ¶ 21. Blue Cross paid some of Plaintiff's medical bills, through the Woodmen Plan, prior to the surgery. *Id.* ¶ 24. After her surgery, Blue Cross informed Plaintiff that it would not cover her surgery or aftercare. *Id.* ¶ 25. Blue Cross did not inform Plaintiff that she had a right to appeal the decision. *Id.* Blue Cross did

---

[1] Blue Cross takes the position that "[t]he Woodmen Plan under which Plaintiff was covered is a self-insured, private-employer-sponsored health plan governed by ERISA." Dkt. 29-1, 4. For support, Blue Cross has introduced (1) the Administrative Services Agreement between Woodmen of the World Life Insurance Society and/or Omaha Woodmen Life Insurance Society and Blue Cross, (2) the Master Group Contract, (3) Master Group Application, and (4) the declaration of Mary McMartin, a Director of Account Management and Service at Blue Cross. *Id.*

                                       :

                    Initials of Preparer    PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-cv-06135-SVW-JPR | Date | November 3, 2015 |
|---|---|---|---|
| Title | *Rebekah Wood v. Blue Cross-Blue Shield of Nebraska, Inc. et al* | | |

not provide any written reason for the denial of benefits. *Id.* The only document that Plaintiff received from Blue Cross was a Claim Summary Report she requested and received in August 2015. *Id.* Nor did Blue Cross engage in a meaningful dialogue with Plaintiff, describing the additional information necessary to perfect her claim or describing the procedures for and appeal. *Id.* ¶¶ 27–28. An appeal of the adverse benefit determination is not mandatory because, the procedures for an administrative appeal under the Woodmen Plan are discretionary. *Id.* ¶ 29. Nonetheless, when Plaintiff learned of the appeal process, in conjunction with this lawsuit, she filed an administrative appeal. *Id.* ¶ 30.

Plaintiff believes that United maintains an ERISA plan under the name Texas Legislative Service Unitedhealth Premium – Premier ("Texas Plan").[2] *Id.* ¶ 31. Under the Texas Plan, United paid benefits to Plaintiff prior to her surgery. *Id.* ¶ 32. But starting on May 28, 2014, United began to send Plaintiff a series of EOBs denying her claims for benefits. *Id.* ¶ 33. Representatives of United told Plaintiff that they would have to reprocess her claims and that she needed to wait for them to do so. *Id.* Thus, she believed that an appeal was not ripe. *Id.* Though Plaintiff is unaware of whether an appeal is mandatory under the Texas Plan or whether Cedars-Sinai or her physicians have filed an appeal, she has filed an appeal through her attorneys. *Id.* ¶¶ 34–36.

Plaintiff has learned that the two plans have taken conflicting views on the rule for determining which plan is responsible for primary coverage. In a conference call with representatives from both plans, Plaintiff learned that United takes the position that Blue Cross is her primary insurer by application of the "biological/step-parent rule." *Id.* ¶ 22. Blue Cross took the position that United was the primary insurer, based on the application of the "longer/shorter rule," because Plaintiff's stepfather had been with his insurer for a longer period of time. *Id.*

**Motion to Remand**

*Legal Standard*

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the

---

[2] Neither United nor Plaintiff has introduced plan documents related to the Texas Plan, so there is little evidence of whether the Texas Plan is covered by ERISA or what is provided in the plan. But at the hearing, counsel for United stated that the Texas Plan is a fully-funded ERISA plan.

:

Initials of Preparer
PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-cv-06135-SVW-JPR | Date | November 3, 2015 |
|---|---|---|---|
| Title | *Rebekah Wood v. Blue Cross-Blue Shield of Nebraska, Inc. et al* | | |

defendant or the defendants." 28 U.S.C. § 1441(a). "If a case is improperly removed, the federal court must remand the action because it has no subject-matter jurisdiction to decide the case." *ARCO Envtl. Remediation, L.L.C. v. Dep't of Health & Envtl. Quality of Montana*, 213 F.3d 1108, 1113 (9th Cir. 2000). Removal jurisdiction is generally disfavored. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). A removing defendant bears the burden of showing that remand is proper. *Calicraft Distributors, LLC v. Castro*, No. CV 15-01041 BRO AJW, 2015 WL 1789014, at *3 (C.D. Cal. Apr. 17, 2015); *Gaus*, 980 F.2d at 566. And the removal statute is strictly construed in favor of remand with doubts about the right of removal resolved in favor of remand. *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009).

Federal Question Jurisdiction

According to the well-pleaded complaint rule, federal question jurisdiction requires that "a federal question is presented on the face of the plaintiff's properly pleaded complaint." *ARCO*, 213 F.3d at 1113 (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)). "There is an exception, however, to the well-pleaded complaint rule. '[W]hen a federal statute wholly displaces the state-law cause of action through complete pre-emption,' the state claim can be removed." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004) (quoting *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 8 (2003)).

Because ERISA provides a comprehensive legislative scheme for enforcement of employment benefits, "any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted." *Davila*, 542 U.S. at 209. Thus, when any duty or liability on the part of the defendant exists only because they administer an ERISA-regulated benefit plan, a plaintiff's claims cannot be regarded as independent of ERISA. *Cleghorn v. Blue Shield of California*, 408 F.3d 1222, 1226 (9th Cir. 2005). The Ninth Circuit has interpreted *Davila* to create a two-part test to determine whether a state-law claim is completely preempted by § 1132(a)(1)(B). "Under *Davila,* a state-law cause of action is completely preempted if (1) 'an individual, at some point in time, could have brought [the] claim under ERISA § 502(a)(1)(B),' and (2) 'where there is no other independent legal duty that is implicated by a defendant's actions.'" *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 946 (9th Cir. 2009) (quoting *Davila*, 542 U.S. at 210); *see also Fossen v. Blue Cross & Blue Shield of Montana, Inc.*, 660 F.3d 1102, 1107–08 (9th Cir. 2011).

Diversity of Citizenship Jurisdiction

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-cv-06135-SVW-JPR | Date | November 3, 2015 |
|---|---|---|---|
| Title | *Rebekah Wood v. Blue Cross-Blue Shield of Nebraska, Inc. et al* | | |

The proponent of diversity of citizenship jurisdiction must establish "(1) the parties are completely diverse, and (2) the amount in controversy exceeds $75,000." *Naffe v. Frey*, 789 F.3d 1030, 1039 (9th Cir. 2015).

*Application*

Plaintiff argues that the Court should remand the case to state court because removal was not proper. First, Plaintiff argues that removal under federal question jurisdiction is not proper because "the Complaint on its face does not allege any ERISA policies or ERISA claims." Dkt. 18, 5. Because Plaintiff chose not to allege any federal claims, Plaintiff argues that the straightforward application of the well-pleaded complaint rule means that a federal defense does not create subject matter jurisdiction. *Id.* at 6. Second, Plaintiff contends that there is no diversity of citizenship jurisdiction because it has learned that one of the Defendants, United Healthcare, Inc., is a California company and destroys complete diversity. *Id.*

Blue Cross contends that Plaintiff's discussion of the well-pleaded complaint rule is inapposite. The Blue Cross-administered plan under which Plaintiff alleges coverage was "a self-insured, private-employer-sponsored health plan governed by ERISA." Dkt. 25, 3. Under the doctrine of complete preemption, a claim for denial of health benefits is completely preempted by ERISA § 502(a)(1)(B) (29 U.S.C. § 1132(a)(1)(B)) when the plaintiff could have brought a claim under the section and there is no other independent duty implicated. *Id.* at 5–6. Blue Cross argues that Plaintiff's claim clearly falls within this doctrine because it was an ERISA beneficiary and the state law claims only relate to the denial of benefits.[3] *Id.* at 6–7.

Blue Cross's argument that at least some of Plaintiff's claims arise under federal law through complete preemption is persuasive. Plaintiff does not dispute that the Blue Cross plan in question is regulated by ERISA and in fact adds ERISA claims to her FAC. *See* Dkt. 18, 32; FAC. Defendant has attached a number of documents related to the plan that provide further support for the contention that it is covered by ERISA. *See* Dkt. 12, Exs. A, B, C. And the first and second claims in Plaintiff's Complaint are based on the duties or liabilities created by those plan documents. *See* Compl. ¶¶ 12, 17, 27, 36, 38–41. Thus, much as in *Davila*, Plaintiff "could have paid for the treatment themselves and then sought

---

[3] Blue Cross also argues that there is diversity of citizenship jurisdiction because "United Healthcare, Inc. is a citizen of Delaware." *Id.* at 8. Blue Cross supports this assertion by reference to the pleadings and on the understanding that United intended to file an opposition. *Id.* at 8–9. United has not filed a substantive opposition.

: 

Initials of Preparer

PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-cv-06135-SVW-JPR | Date | November 3, 2015 |
|---|---|---|---|
| Title | *Rebekah Wood v. Blue Cross-Blue Shield of Nebraska, Inc. et al* | | |

reimbursement through a § 502(a)(1)(B) action." *Davila*, 542 U.S. 200, 211 (2004); *see also* FAC ¶¶ 60–69. At least with respect to Plaintiff's contract claims, there is no other independent duty that Defendant is alleged to have breached through its allegedly insufficient reimbursement. Thus, the Court denies Plaintiff's motion to remand because Defendant has established that federal question jurisdiction is proper through complete preemption.[4]

**Motion to Dismiss**

*Legal Standard*

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of the claims stated in the complaint. *See* Fed. R. Civ. Proc. 12(b)(6). To survive a motion to dismiss, the plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A complaint that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009) (citing *Iqbal*, 556 U.S. at 678).

In reviewing a Rule 12(b)(6) motion, a court "must accept as true all factual allegations in the

---

[4] In her motion in opposition to Defendant's 12(b)(6) motion to dismiss, Plaintiff raises the new argument that even if one or both of the plans is purportedly covered by ERISA, they may qualify for the safe harbor provision, under 29 C.F.R. § 2510.3-1(j). Dkt. 33, 8–10. Plaintiff further argues that "[t]here may be subsidiary agreements between the employer and the employees which cause the plan to fall within the safe harbor because the employer was acting as a mere conduit." *Id.* at 9. Given this purported uncertainty, Plaintiff contends that it is entitled to discovery to determine whether the safe harbor applies. *See Collins v. Aetna Life Ins. Co.*, No. 12-CV-5049-TOR, 2012 WL 5377797, at *3 (E.D. Wash. Nov. 1, 2012). But, as Blue Cross demonstrates, Plaintiff cannot establish that the employer is a mere conduit, as required for the safe harbor, for several reasons. First, Plaintiff cannot establish that "[n]o contributions are made by an employer or employee organization" because the terms of the plan require the employer to pay Blue Cross an administrative fee and as a self-insured plan, the employer necessarily makes contributions to the plan. Dkt. 38, 5. Second, Plaintiff cannot establish that "[t]he sole functions of the employer or employee organization with respect to the program are, without endorsing the program, to permit the insurer to publicize the program to employees or members, to collect premiums through payroll deductions or dues checkoffs and to remit them to the insurer" because the employer is the plan administrator under the terms of the Woodmen Plan. *Id.* at 5–6. Finally, the plan documents characterize the plan as an ERISA plan which shows the intent to create an ERISA plan. *Id.* at 6.

| | : | |
|---|---|---|
| | Initials of Preparer | |
| | PMC | |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-cv-06135-SVW-JPR | Date | November 3, 2015 |
|---|---|---|---|
| Title | *Rebekah Wood v. Blue Cross-Blue Shield of Nebraska, Inc. et al* | | |

complaint and draw all reasonable inferences in favor of the nonmoving party." *Retail Prop. Trust v. United Bhd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014). Thus, "[w]hile legal conclusions can provide the complaint's framework, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

Where a complaint is dismissed, "leave to amend should be granted 'unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'" *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)). "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Sharkey v. O'Neal*, 778 F.3d 767, 774 (9th Cir. 2015).

*Application*

Blue Cross argues that the Court should dismiss Plaintiff's claims as to Blue Cross because Plaintiff fails to state a claim upon which relief can be granted. Dkt. 29. Specifically, Blue Cross contends that (1) Plaintiff's state law claims are preempted by ERISA, (2) California does not recognize negligent infliction of emotional distress as an independent claim, and (3) Plaintiff has not adequately pled her ERISA claims. *Id.* at 1.

According to Blue Cross, the ERISA preemption provision, ERISA § 514(a) (29 U.S.C. § 1144(a)), and civil enforcement provision, ERISA § 502 (29 U.S.C. § 1132), preempt Plaintiff's claims. Dkt. 29-1, 2. Blue Cross argues that § 514 preempts Plaintiff's state-law claims because they have a "connection with" the ERISA plan. *Id.* at 7–9. It argues that § 502 also preempts Plaintiff's state-law claims because they are duplicative. *Id.* at 10–11.

Blue Cross also argues that the FAC is pled inadequately for two reasons. First, Plaintiff has not identified the specific plan provisions that have been violated. Dkt. 39, 13–14. Second, under *Iqbal* and *Twombly*, Plaintiff has not plausibly alleged that Blue Cross has violated the terms of the plan. *Id.* at 14–15.

|  | : |
|---|---|
| Initials of Preparer | |
| PMC | |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-cv-06135-SVW-JPR | Date | November 3, 2015 |
|---|---|---|---|
| Title | *Rebekah Wood v. Blue Cross-Blue Shield of Nebraska, Inc. et al* | | |

Plaintiff does not argue in its opposition that its state-law claims are viable as to Blue Cross, if the Woodmen Plan is governed by ERISA. But Plaintiff argues that if ERISA applies, her ERISA claim is adequately stated because she has alleged that one of the two plans must be the primary plan and each plan is denying that it is the primary plan. Dkt. 33, 11–12. Accordingly, she contends her claim is plausible because one of the defendants is certain to be liable for her medical expense. *Id.* at 13.

As Plaintiff essentially concedes, if ERISA applies, her state-law claims should be preempted. Therefore, because the Court has concluded that ERISA applies as to Plaintiff's Blue Cross claims, Blue Cross's motion to dismiss Plaintiff's state-law claims is granted. For the reasons stated in the hearing, the Court is satisfied that Plaintiff's ERISA claims are adequately pled, and therefore Blue Cross's motion to dismiss Plaintiff's ERISA claims is denied.

**Conclusion**

For the aforementioned reasons, the Court DENIES Plaintiff's motion to remand. The Court GRANTS Blue Cross's motion to dismiss Plaintiff's state-law claims with prejudice and DENIES Blue Cross's motion to dismiss Plaintiff's ERISA claims.

SO ORDERED.

:

Initials of Preparer

PMC