Manatt, Phelps & Phillips, LLP
JOHN M. LEBLANC (Bar No. CA 155842)
E-mail: jleblanc@manatt.com
JOHN T. FOGARTY (Bar No. CA 198119)
E-mail: jfogarty@manatt.com
11355 West Olympic Boulevard
Los Angeles, CA 90064-1614
Telephone: (310) 312-4000
Facsimile: (310) 312-4224

Miller & Chevalier Chartered
ADAM P. FEINBERG (Bar No. DC 447668)
E-mail: afeinberg@milchev.com
655 15th Street, N.W. Suite 900
Washington, D.C. 20005
Telephone: (202) 626-6087
Facsimile: (202) 626-5801

Attorneys for Defendant
BLUE CROSS AND BLUE SHIELD OF NEBRASKA

**NOTE: CHANGES MADE BY THE COURT**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| REBEKAH WOOD,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>BLUE CROSS AND BLUE SHIELD OF NEBRASKA, *et al.*,<br><br>　　　　Defendants. | No. 2:15-cv-06135 (SVW) (JC)<br><br>Before the Hon. Stephen V. Wilson<br><br>**HIPAA PROTECTIVE ORDER** |

Upon consideration of the record and proceedings herein, the stipulation of the parties, and good cause appearing therefore,

IT IS ORDERED THAT:

The Court has determined that certain information disclosed orally or in writing during this action may be "protected health information," as that term is defined in the regulations implementing the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"). See 45 C.F.R. § 160.103. To address this concern, the Court orders the parties to comply with the following rules, which incorporate the definitions contained in 45 C.F.R. § 160.103.

1. Each party in this case is permitted to disclose protected health information about (1) Plaintiff; (2) any individuals through whom Plaintiff had health insurance coverage; and (3) any individuals covered under any health insurance plan that also covered Plaintiff, to the all other named parties in this case and to the persons and entities listed in paragraph 4 hereof, without giving notice to the individuals whose health information is to be disclosed. A party does not need to designate any information as protected health information. All protected health information disclosed in this case shall be treated in accordance with this Order without regard to any designation.

2. Except as otherwise permitted by HIPAA and its implementing regulations, the parties and any other persons or entities to whom protected health information is disclosed pursuant to paragraph 4 hereof shall not use or disclose such protected health information for any purpose other than the present litigation.

3. At the conclusion of the present litigation, including all appellate proceedings and remands, or the expiration of the time to file an appeal, the parties shall either:

    a. return all protected health information that was disclosed during this litigation to the covered entity that disclosed the information; or

    b. destroy all protected health information that was disclosed during this

litigation, including all copies made.

4. The parties may, without any further action, disclose, in accordance with HIPAA, protected health information to their legal counsel, the paralegal, clerical, or administrative personnel supporting the parties' legal counsel, any independent consultants or experts retained by the parties' legal counsel in connection with this litigation, the Court and all persons assisting the Court in this case, and witnesses in this case.

5. Notwithstanding any other provision of this Order, the parties shall confer and attempt to agree before any hearing, trial, or other proceeding on the procedures to be included in a subsequent protective order pursuant to which protected health information may be introduced into evidence or otherwise used at such hearing, trial, or other proceeding.

6. In the event any party wishes to use protected health information in any affidavits, briefs, memoranda of law, exhibits to motions, or other papers filed with the Court, such party shall take appropriate steps to safeguard such protected health information in documents filed with the Court, which steps may include redaction.  Alternatively, such affidavits, briefs, memoranda of law, exhibits to motions, or other papers so filed shall be filed under seal.  In the event a party files redacted papers with the Court and the Court wishes to review the redacted material, the Court may review the redacted material in camera or order that the documents containing protected health information be filed under seal.

7. This Order governs protected health information only.  The designation of, disclosure of, and other procedures relating to other types of confidential Information shall be governed by the separate Consent Confidentiality Order that is ultimately entered by the Court.  In the event that a document or information contains more than one category of protected information, this Order shall be read together with the Consent Confidentiality Order and any other protective order that is ultimately entered by the Court.  In the event of a conflict

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

315576704.1

2

[PROPOSED]
HIPAA PROTECTIVE ORDER

2041526.1

between such orders, the provisions affording the greatest protections for confidential information shall control.  This Order is intended to comply with 45 C.F.R. § 164.512 (e) (1) (ii) & (v) and is valid only to the extent it does.

**ORDER**

IT IS SO ORDERED.

Date: December 10, 2015

*[signature]*

Hon. Jean P. Rosenbluth
United States Magistrate Judge

Manatt, Phelps & Phillips, LLP
Attorneys At Law
Los Angeles

315576704.1

3

[PROPOSED]
HIPAA PROTECTIVE ORDER

2041526.1