Manatt, Phelps & Phillips, LLP
JOHN M. LEBLANC (Bar No. CA 155842)
E-mail: jleblanc@manatt.com
JOHN T. FOGARTY (Bar No. CA 198119)
E-mail: jfogarty@manatt.com
11355 West Olympic Boulevard
Los Angeles, CA  90064-1614
Telephone:  (310) 312-4000
Facsimile:  (310) 312-4224

Miller & Chevalier Chartered
ADAM P. FEINBERG (Bar No. DC 447668)
E-mail: afeinberg@milchev.com
655 15th Street, N.W. Suite 900
Washington, D.C.  20005
Telephone:  (202) 626-6087
Facsimile: (202) 626-5801

Attorneys for Defendant
BLUE CROSS AND BLUE SHIELD OF NEBRASKA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| REBEKAH WOOD,<br><br>          Plaintiff,<br><br>     vs.<br><br>BLUE CROSS AND BLUE SHIELD OF NEBRASKA, *et al.*,<br><br>          Defendants. | No.  2:15-cv-06135 (SVW) (JPR)<br><br>Before the Hon. Stephen V. Wilson<br><br>**PROTECTIVE ORDER GOVERNING THE PRODUCTION AND HANDLING OF CONFIDENTIAL MATERIAL** |

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

315670048.1

[PROPOSED] PROTECTIVE ORDER

2041528.1

Upon consideration of the record and proceedings herein, the stipulation of the parties, and good cause appearing therefore,

IT IS ORDERED THAT:

The Court has determined that certain information disclosed orally or in writing during this action may be proprietary or confidential to one or more of the parties. To address this concern, it is ordered that protected information, provided formally or informally during this action, shall be disclosed by the parties only as follows:

1. "Protected Information" as used herein means:

    a. Information proprietary or confidential to any party contained in any document (including any pleading, motion, brief, notice, or discovery request or response) produced, filed, or served by any party to this litigation that is designated as protected unless and until the information ceases to be protected pursuant to paragraph 5 herein; and

    b. Information proprietary or confidential to any party contained in any deposition, testimony, affidavit taken or provided during this litigation that is designated as protected unless and until the information ceases to be protected pursuant to paragraph 5 herein.

2. Except as described in paragraph 3 or 4 herein, to designate information contained in a document as Protected Information, the party supplying the information shall mark the first page of each document containing the information with the label described in paragraph 10 herein. Only those specific portions of documents containing confidential information should be marked as such.

3. To designate information disclosed at a deposition as Protected Information, a party shall either (1) make a statement on the record at the deposition that the information is Protected Information or (2) provide separate written notice to all other parties' counsel. Unless a party intends to designate as Protected

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

315670048.1

1     [PROPOSED] PROTECTIVE ORDER

2041528.1

1  Information all information disclosed at the deposition, the statement or notice shall
2  identify the exact portion of the deposition that is being designated as Protected
3  Information.  To allow a reasonable opportunity to make such a designation, each
4  deposition transcript and the exhibits thereto shall automatically be deemed to
5  contain Protected Information until fifteen days after a copy of the transcript is
6  received by the parties.  Notwithstanding the preceding sentence, if a party fails to
7  request a copy of a deposition transcript within ten days of the deposition, the
8  deposition transcript and exhibits thereto shall cease to be treated as Protected
9  Information.
10       4.   If a party determines that a previously produced document
11 inadvertently was not identified as containing Protected Information, it shall give
12 notice in writing that the document is to be treated as containing Protected
13 Information, and thereafter the designated document shall be treated in accordance
14 with this Protective Order. A party shall not be deemed to have violated this
15 Protective Order if, before any designation (and, with respect to a deposition
16 transcript and exhibits, after the fifteen-day period prescribed by paragraph 3
17 herein), information has been disclosed or used in a manner inconsistent with such
18 later designation.
19       5.   A party may object to the designation of any information as Protected
20 Information at any time.  Such objections shall be subject to the procedures set forth
21 in Local Rule 37.  The objection shall be made in writing to the party that
22 designated the information as Protected Information, with a copy to counsel of all
23 of the parties.  Until the matter is resolved by the Court, the material shall be treated
24 as Protected Information.  However, if the party who has designated the matter as
25 Protected Information fails to bring the matter to the Court's attention within the
26 time provided by Local Rule 37, the designation will be deemed waived and the
27 information shall cease to be treated as Protected Information.  A party shall not re-
28 designate information that previously had been designated as protected and then

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

315670048.1                           2                    [PROPOSED] PROTECTIVE ORDER

2041528.1

determined, either by agreement or court order, not to be confidential.

6. Protected Information shall be used solely for the purposes of this litigation and shall not be given, shown, made available, discussed, or otherwise communicated in any form except as provided herein.

7. The following categories of persons may be given access to Protected Information under the following conditions:

    a. Without further action, the parties, their legal counsel, and paralegal, clerical, and administrative support personnel assisting the parties' counsel are entitled access to Protected Information.

    b. Witnesses and independent consultants or experts retained by a party's counsel in connection with the litigation shall be required to agree in writing to the terms of this Protective Order. Before granting access to Protected Information to any such person, a party's counsel shall provide such witness, independent consultant, or expert with a copy of this Protective Order, and advise such witness, independent consultant, or expert that he or she is subject to its terms.

    c. The Court and all persons assisting the Court in this case.

8. Each person covered by this Protective Order shall take all necessary precautions to prevent disclosure of Protected Information, including but not limited to physically securing, safeguarding, and restricting access to the Protected Information. The confidentiality of Protected Information learned pursuant to this Protective Order shall be maintained in perpetuity.

9. No party may file with the Court any documents containing Protected Information designated by any other party, or which reveal or tend to reveal any Protected Information provided by any other party, unless the party filing the documents (a) obtains the express written permission to do so from the party who designated the Protected Information, or (b) the party filing the documents does so under seal, after obtaining leave of the Court to do so. Prior to requesting leave to file a document under seal with this Court, a party shall confer with the party that

designated the Protected Information in an attempt to agree to the filing of a redacted version of the document in question in order to avoid the need to file it under seal.

10. Unless the parties agree on a different mechanism, the first page of each document produced, filed, or served by either party that contains Protected Information is to be clearly marked as follows: "CONFIDENTIAL INFORMATION – SUBJECT TO PROTECTIVE ORDER."

11. Nothing contained in this Protective Order shall preclude the parties from agreeing in advance of the producing, filing, or serving of a document that the document does not contain Protected Information or that a particular redacted version of the document shall be used.

12. Within 120 days after the conclusion of this action (including any and all appeals and remands), counsel for each party and any consultants and experts retained by a party or a party's counsel shall (1) destroy all Protected Information and certify in writing to the other parties that such destruction has occurred and/or (2) return the Protected Information to the party that supplied the information. The parties' counsel may retain copies of all work product, court filings, transcripts, exhibits and other documents as necessary for an understanding of the outcome of the case, provided that all Protected Information contained in such retained material is maintained in accordance with the provisions of this Protective Order.

13. A party that designated Protected Information may at any time waive the protection of this Protective Order with respect to such information by so advising counsel for all other parties in writing, identifying with specificity the information to which this Protective Order shall no longer apply. Nothing contained in this Protective Order shall preclude a party from disclosing its own proprietary or confidential information to a party not subject to this Protective Order.

14. Nothing contained in this Protective Order shall preclude a party from

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

315670048.1

4   [PROPOSED] PROTECTIVE ORDER

2041528.1

seeking relief from this Protective Order through the filing of an appropriate motion with the Court that sets forth the basis for the relief sought. Any such discovery motion shall be brought pursuant to Local Rule 37 and other applicable laws.

15. Nothing contained in this Protective Order shall preclude any party from introducing into evidence, or using as exhibits, Protected Information during any hearing or other proceeding in this case. Should a party seek to disclose Protected Information at a hearing or other proceeding in this case, the parties shall confer in an attempt to agree to the filing of a redacted version of the document in question. If such efforts are not successful, the document shall be filed with the Court under seal.

16. Nothing contained in this Protective Order shall prevent a party from disclosing Protected Information as required by a lawful subpoena or other compulsory process, provided that prior to doing so, the party receiving such subpoena or process shall promptly give notice thereof to the party that designated the Protected Information and furnish to that party a copy of the subpoena or other process so as to afford that party a reasonable opportunity to seek a protective order.

17. Counsel for the parties shall promptly report any breach of the provisions of this Protective Order to counsel for all other parties. Upon discovery of any breach, the parties' counsel shall immediately take appropriate action to cure the violation and retrieve any Protected Information that may have been disclosed to persons not covered by this Protective Order. The parties shall reasonably cooperate in determining the reasons for any such breach.

18. By entering this Protective Order, the Court is not ruling on whether any document or information is, in fact, entitled to protection under Rule 26(c). Rather, the Court approves the Protective Order in order to minimize problems with the exchange of information without Court intervention. The Court reserves the right at any time to require the party who is responsible for documents remaining

1  under seal to establish that the matters are, in fact, confidential.

**ORDER**

IT IS SO ORDERED.

Date: December 15, 2015

_/s/ Jean Rosenbluth_

Hon. Jean P. Rosenbluth
United States Magistrate Judge

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

315670048.1

6

[PROPOSED] PROTECTIVE ORDER

2041528.1